ARTHUR HILLIER v. STATE OF OHIO.

1. TRIAL BY JURY WAIVED BY PLEA OF GUILTY.

 The right of trial by jury is waived by entering a plea of guilty in a criminal prosecution before a mayor having complete jurisdiction.

2. MAYOR HAS COMPLETE JURISDICTION OF MISDEMEANORS, UNDER LAN. R. L. 3353 (B. 1536-781; R. S. 1820), WITHOUT JURY, ETC.

 Full and complete jurisdiction is conferred upon mayors by Lan. R. L. 3353 (B. 1536-781; R. S. 1820), to proceed to trial in a misdemeanor prosecution without the intervention of a jury when it is waived, or to proceed to trial with a jury when it is not waived.

3. PLEA OF GUILTY HAS EFFECT OF VERDICT BY JURY—MAYOR'S JURISDICTION UNDER SUCH PLEA.

 A plea of guilty has all the force and effect of a verdict by a jury; and when such plea is entered by the accused, in a misdemeanor prosecution before a mayor, such court has complete jurisdiction to proceed to judgment and sentence without a waiver in writing, signed by the accused, waiving a jury.

4. DISCRETIONARY POWER OF MAYOR UNDER LAN. R. L. 3354 (B. 1536-782; R. S. 1821).

 Discretionary power is conferred upon mayors' courts by Lan. R. L. 3354 (B. 1536-782; R. S. 1821), to decline to have a criminal case tried by a jury and to hold the accused to answer to a higher court.

ERROR to Wood common pleas court.

**Beverstock & Donahey** and **A. R. Campbell,** for plaintiff in error:

The proceedings were absolutely void and not erroneous; the mayor had no jurisdiction to impose the sentence of imprisonment and fine which he did. Laning R. L. 3348, 3349, 3351, 3352, 3353, 3354, 3355, 10899 (R. S. 1816, 1817, 1818, 1819, 1820, 1821, 1822, 7146); Ward v. State, 5 Dec. 230 (5 N. P. 81); Hanaghan v. State, 51 Ohio St. 24 [36 N. E. Rep. 1072].

**E. G. McClelland,** prosecuting attorney, for defendant in error.

### PARKER, J.

Complaint was filed against Arthur Hillier before the mayor of the city of Bowling Green, charging him with a misdemeanor, to wit: cohabiting with one Martha Shupe in a state of fornication, under Lan. R. L. 10732 (R. S. 7020). He was brought before the mayor, and plead guilty to the offense with which he was charged. Thereupon he was sentenced to pay a fine of fifty dollars and costs of prosecution, and to be committed to the Toledo workhouse for a period of thirty days, and to stand committed to said workhouse until said fine and costs should be paid, or until he was otherwise discharged by due process of law.

After entering this plea of guilty and being sentenced, the defendant then filed a petition in error in the court of common pleas, averring that the judgment of the mayor was contrary to law; that the court had no jurisdiction to render the judgment it did, and generally, that there were other errors prejudicial to the defendant.

The judgment of the mayor was affirmed by the court of common pleas, and now error is prosecuted to this court and upon the same grounds; that is to say, that the judgment of the court was erroneous and in fact void because the mayor had no jurisdiction to proceed to sentence upon this plea of guilty.

Our attention has been directed to a number of sections of the revised statutes bearing upon the question of the jurisdiction of the mayor, viz: Lan. R. L. 3348 to 3355 (R. S. 1816 to 1822) inclusive. It is said that but few of these sections have any special bearing upon the case at bar.

Laning R. L. 3349 (B. 1536-777; R. S. 1817) provides he shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the constitution, entitled to a trial by a jury; and his jurisdiction in such cases shall be coextensive with the county.

Laning R. L. 3351 (B. 1536-779; R. S. 1818) provides that he shall have such jurisdiction in the cases mentioned in the last two sections,

notwithstanding the right to a jury, if, before the commencement of the trial, the accused waive a jury trial. "The last two sections," refer to Lan. R. L. 3348 and 3349 (R. S. 1816 and 1817), the first of which covers prosecutions under an ordinance.

Laning R. L. 3353 (B. 1536-781; R. S. 1820) provides:

"If the charge is the commission of a misdemeanor, prosecuted in the name of the state, and the accused, being entitled to a jury, does not waive the right, the mayor may, nevertheless, impanel a jury, and try the case on the affidavit, in the same manner, and with like effect, as such cases are tried in the court of common pleas on the indictment."

It will be observed that this section gives to the mayor full and complete jurisdiction, in cases of prosecution for misdemeanors, to proceed to trial without the intervention of a jury if a jury is waived, or to proceed to trial with a jury, if a jury is not waived.

Laning R. L. 3354 (B. 1536-782; R. S. 1821) gives the mayor discretionary powers to decline to have the case tried before him by a jury and to hold the accused to answer to a higher court.

It will be observed in the case at bar that the accused did not expressly waive a jury; that if he waived a jury, he did so by his plea of guilty.

In a case to which our attention has been called, the case of Hanaghan v. State, 51 Ohio St. 24 [36 N. E. Rep. 1072], it was held with respect to proceedings of a like character before a justice of the peace, that such justice of the peace was without jurisdiction to sentence upon a plea of guilty, or to proceed to trial in case of a misdemeanor unless the accused expressly and in writing waived a jury.

The sections bearing upon the question, and referred to in the opinion of Judge Williams, are Lan. R. L. 10899, 10900 (R. S. 7146, 7147). It will be observed, however, upon reading these sections, that Lan. R. L. 10899 (R. S. 7146) undertakes to safeguard the interest of society so as to prevent collusion between the accused and some friend by whom he may be brought into court and without the magistrate being advised of the gravity of his offense, or the aggravating circumstances that may attend it, the offender may enter a plea of guilty and have a sentence imposed that would be wholly inadequate to the punishment of the offense of which he is guilty. That section provides that if the complaint is not by the party injured, and the party accused pleads guilty, the magistrate shall require the party so accused to enter into a recognizance to appear at the proper court, as provided in a case where there is no plea of guilty, and the magistrate upon inquiry finds that he is probably guilty.

There is a similar provision in the statutes with reference to the proceedings of mayors under like cases, and Lan. R. L. 10900 (R. S. 7147) contains a provision with reference to the waiving of a jury, that it must be in writing, subscribed by the accused and filed before or during the examination.

Now, with respect to that provision, it was held by the Supreme Court in this case that it was jurisdictional; a prerequisite—that is to say, the filing of this waiver in writing by the accused—without it such magistrate was without jurisdiction to proceed to trial. His jurisdiction was much more limited than that of a mayor. A mayor's jurisdiction in such case is to all intents and purposes as broad and complete as the jurisdiction of the probate court or the court of common pleas.

It was held that where one entered a plea of guilty before a magistrate who had not complied with the statute or had not followed the statute with respect to waiving a jury by a writing filed in the case, signed by him, that such plea of guilty should be regarded as having the effect of waiving an examination into the facts; and it then devolved upon the magistrate to hold him by recognizance to answer to a higher court. But before a mayor having complete jurisdiction in cases of misdemeanor, we cannot see why the same effect should not be given to a plea of guilty, as is given to such a plea in any other court having full jurisdiction in the matter.

Now, the entering of a plea of guilty authorizes a court to proceed to judgment and sentence in a case—that it has all the force and effect of a verdict of a jury, is a rule so well known and understood by the profession, we think, that it does not require the citation of authority in its support. We know that it is every-day practice in the probate court, and in the court of common pleas for a person to enter a plea of guilty, for judgment to be passed thereon, and it can hardly be claimed by any member of the profession that the accused could prosecute error because among the records was not found a written waiver of a jury. No written waiver of a jury is required in those courts or before the mayor. The provision is general that he may waive a jury. So that we think that this case cited in Hanaghan v. State, *supra,* is not opposed to the view we have expressed—that before a mayor, the plea of guilty has the same force and effect as a plea of guilty in the probate court, or the court of common pleas.

We have been cited to some authority as to the effect of a plea of guilty, and I call attention to a single sentence from the opinion of the court in the case of Hirn v. State, 1 Ohio St. 15, 23. The opinion is by Bartlet, J., and in it he says:

"In a criminal case in this state a defendant cannot waive a **jury** trial, in any other way than by a plea of guilty.".

It seems to be recognized as not only a proper way, but the **only** way; though, as we have pointed out, there is now another way provided in proceedings before a justice of the peace.

Entertaining this view of the matter, we hold that the magistrate had full and complete jurisdiction; that he did not err, and consequently the court of common pleas did not err in affirming his judgment, and the judgment of the court of common pleas will be affirmed by this court.

**Hull** and **Haynes, JJ.,** concur.